IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JOSEPH REHEISER,**

    **Plaintiff,**

vs.                                           Case no. 5:05cv263-RS-MD

**THE TERMINIX INTERNATIONAL COMPANY,
LIMITED PARTNERSHIP,**

    **Defendant.**
_____/

## ORDER

    Before the Court are Defendant's Motion to Compel Arbitration (Doc. 14) and the Plaintiff's Memorandum of Law in Opposition to Motion to Compel Arbitration (Doc. 18).

    In October 2001, Terminix International Company Limited Partnership (Terminix) changed its terms of employment. In order to implement these changes, Terminix required all employees to sign a new Employment Agreement and Arbitration Agreement (Agreements). The Agreements contained a provision for mandatory binding arbitration. Arbitration had not previously been a condition of employment. At some point in October 2001, Plaintiff, who was the Pensacola branch manager for Terminix, was notified by Terry Reeves, a regional manager for Terminix, that all Terminix employees would be required to sign the Agreements. Plaintiff alleges that employees were given seven to ten days in which to sign the new Agreements or face termination. Plaintiff held an employee meeting on November 1, 2001, during which the employees were informed of the Agreements and given the opportunity to sign them. Plaintiff supervised the signing of the Agreements by his employees and also co-signed the documents on behalf of Terminix. Plaintiff never signed his own Agreements. On November 6, 2001, Reeves met with Plaintiff at the Pensacola office. During their discussion, Reeves told Plaintiff that "he was required to sign the [Agreements] as a

condition of continued employment and that if he refused, his employment would be considered terminated." (Declaration of Terry Reeves, ¶ 6.) Plaintiff refused to sign the Agreements, and Reeves terminated him immediately. Terminix contends Plaintiff is bound by the Agreements, and asks the Court to stay or dismiss this action and to compel Plaintiff to arbitrate his claims pursuant to the terms of Terminix's Arbitration Agreement.

While Terminix clearly made an offer to Plaintiff by presenting him with the Agreements, the question is whether Plaintiff explicitly or implicitly accepted Terminix's offer. Terminix argues that Plaintiff did accept the Agreements despite never signing them. Specifically, Terminix claims: 1) Plaintiff's decision to continue working after being notified of the implementation of the Agreements "constitutes a sufficient showing of 'acceptance' of the [Agreements] under Florida law"; 2) Plaintiff's actions in notifying his employees of the new policy and the fact that he signed the Agreements on behalf of Terminix precludes him from "denying acceptance"; and 3) Plaintiff's Complaint is inconsistent with the belief that he is not bound by the Agreements and as such, he should be estopped from claiming that he is not bound by them.  The Court will address each argument in turn.

In Eskra v. Provident Life and Accident Ins. Co., 125 F.3d 1406, 1413 (11th Cir. 1997), the Eleventh Circuit interpreted Florida's law on implied contracts as follows:

> Under Florida law, 'the test of an implied contract of employment is whether services were performed under circumstances fairly raising a presumption that the parties understood and intended that compensation was to be paid.' Contracts implied in fact are inferred from the facts and circumstances of the case. When the parties continue to perform as before *after* an agreement is reached, an implication arises that the parties have assented to a new contract that raises a genuine issue of material fact properly submitted to a jury. In Florida, where a contract of employment is terminable at will by either the employer or employee, continued employment, in itself, is sufficient consideration to support a promise, express or implied, made during the relationship.

(Internal cites omitted)(emphasis added.)

In considering the "facts and circumstances of the case," the Court finds that Plaintiff did not implicitly manifest his intent to accept Terminix's offer. Both parties cite Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359 (11th Cir. 2005) as support for their respective arguments. The Court finds that the facts in Caley can be distinguished from this case on a number of grounds. Most importantly, in Caley all the employees received the new dispute resolution policy (DRP) and the attached cover letter which stated that "the acceptance of employment or the continuation of employment by an individual shall be deemed to be acceptance of the DRP"; that the DRP would apply regardless of whether the employees signed the policy; and that the policy would be a condition of future employment. Id. at 1374-75.  Here, unlike in Caley, Terminix did not inform its employees that the Agreements would apply to every employee by a certain date if they continued working at Terminix, notwithstanding their failure to sign. In fact, based on the meeting that took place between Reeves and Plaintiff, it is clear that Terminix deemed the signing of the Agreements to be the critical event in manifesting consent to the Agreements.

If Terminix believed that Plaintiff's decision to continue working in the intervening period was sufficient to constitute Plaintiff's implied consent to the Agreements, Reeves would not have demanded that Plaintiff sign the documents or face immediate termination. See Declaration of Terry Reeves, ¶ 6 ("I reminded Mr. Reheiser that he was required *to sign* the Employment Agreement and Arbitration Agreement as a condition of continued employment and that if he refused, his employment would be considered terminated")(emphasis added); See also Restatement (Second) of Contracts § 20(1): "There is no manifestation of mutual assent to an exchange if the parties attach materially different meanings to their manifestations and (a) neither party knows or has reason to know the meaning attached by the other." Furthermore, the Court notes that Reeves' notes from the meeting with Plaintiff do not contain any reference that would support an inference that Terminix believed Plaintiff had agreed to the terms of the Agreements by not resigning immediately upon notification of the new policies. The remaining cases cited by Terminix can be distinguished on the basis that Plaintiff continued to work for only a short period of time after notification of the new policies, he was given a specific time frame in which to make the decision about whether to accept

those policies, and it was reasonable for him to take that time to consider how the Agreements would affect his future legal rights, including any present claims.

The Court is also not persuaded that Plaintiff agreed to the new conditions through his subsequent actions or through any previous agreement he signed. Terminix claims that "[Plaintiff's] unequivocal *affirmative* acts, inconsistent with any objection, reflect his acceptance under Florida contract law regardless of whether he harbored some undisclosed, contrary intent to subsequently refuse to sign the modified employment/arbitration agreement." (Defendant's Motion to Compel Arbitration, 8-9.) In supervising the signing of the Agreements by the employees and authenticating the agreements on behalf of Terminix through his signature, Plaintiff was merely performing his job duties. Id. at 2 ("As a Branch Manager, the highest ranking employee in the branch office, Plaintiff was responsible for notifying employees in his branch of the new terms of employment, for distributing documents reflecting these new terms; to obtain signature from each employee memorializing their acceptance of the new terms, and, finally, for signing these documents on behalf of the employer.") If the Court were to turn Terminix's reasoning on its head, Plaintiff should have either immediately objected to the Agreements (without any time to consider their effect on his legal situation), or in the alternative, ignored the directions of his supervisor in order to convey his *personal* reticence about signing the Agreements. Such logic is less than convincing, and if this were the case, Terminix should have made these conditions clear.

Finally, whether Plaintiff's position is inconsistent with his employment discrimination claim is irrelevant to the issue at hand. The Court is limited to examining the specific issue of whether Plaintiff is contractually obligated to submit this dispute to arbitration.

Accordingly, the Defendant's Motion to Compel Arbitration is denied.

**ORDERED** on June 7, 2006.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**

Case 5:05-cv-00263-RS-MD   Document 20   Filed 06/07/06   Page 5 of 5